---

KATHRYN YATSO,

      **Plaintiff,**

      v.                                  **Case No. 26-C-468**

CITY OF WAUWATOSA LAW ENFORCEMENT,
Police and Undercover Officers,

      **Defendants.**

---

## ORDER OF DISMISSAL

---

On March 23, 2026, Plaintiff Kathryn Yatso filed this action against Defendant Wisconsin Law Enforcement and on April 13, 2026. The court denied a motion to proceed *in forma pauperis*, and on April 13, 2026 Plaintiff paid the $405.00 fee and filed an amended complaint (Dkt. No. 5). The Amended Complaint replaces Wisconsin Law Enforcement with City of Wauwatosa Law Enforcement police and undercover officers as the named defendants. On April 22, 2026, Plaintiff submitted additional documentation (Dkt. No. 8) which appears to amend two pages of the amended complaint and attaches additional restitution requests, as well as 2024 staff shift information for an unnamed police force. Plaintiff also efiled a request to proceed without prepayment of the filing fee.

First, the request to proceed without prepayment of the filing fee, Dkt. No. 6, is denied as moot. The filing fee has been paid, and Plaintiff's assets have not changed. I will now proceed to screen the complaint.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt

screening of a complaint prior to service, especially when the plaintiff is pro se, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising this discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763. When screening a complaint, the court must determine whether the complaint states at least a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8. The Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, before the doors to expensive and time-consuming discovery will be opened. To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff's Amended Complaint, Dkt. No. 5, names "City of Wauwatosa Law Enforcement – police and undercover officers" who she claims are responsible for a loss of property (prescription medications) and damages (oil painting, carpets, television, food, an alarm system,

and a computer) she incurred.  Plaintiff alleges that unnamed defendants entered her home without a warrant, intruders placed surveillance equipment in her home, tampered with alarm systems, GPS tracking equipment was attached to her vehicle, and that law enforcement stole the keys to replacement doors from her purse.  Dkt. Nos. 5 at 3, 5-1 at 1.  Plaintiff states "my house is being broke into nightly" causing nightmares.  The complaint does not say who the intruders are or why the Wauwatosa police or undercover officers are responsible.

Most of Plaintiff's allegations in this case are the type of "delusional" and "irrational" allegations that this court can dismiss *sua sponte*.  Plaintiff has provided no arguable basis for relief and has failed to make any rational argument in law or fact to support her claims.  *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).  If Plaintiff's claim is that the Wauwatosa police are ransacking her home on a nightly basis, she fails to allege facts that support such a farfetched claim.  If her claim instead is that the police have failed to arrest those who have ransacked her home, this allegation fails to state a claim.  *See DeShaney v. Winnebago Cnty. Dept. of Social Services*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.").

On April 22, 2026, Plaintiff filled another complaint, listing what appear to be requests for specific damages (signed), as well as a listing of the names of the staff for an unknown police entity).  Pursuant to Civil Local Rule 15, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amended, must reproduce the entire pleading, and may not incorporate any prior pleading by reference" and "[a] motion to amend a pleading must state specifically what changes are sought by the proposed amendments.  The proposed amended

3

pleading must be filed as an attachment to the motion to amend." Civil L.R. 15(a) and (b). Because Plaintiff's proposed amended complaint fails to comply with this rule, it cannot be considered. Even if I were to consider it, however, Plaintiff has still failed to state a federal claim against the City of Wauwatosa, its Police Department, or any of its officers for the same reasons. Plaintiff offers nothing more than conclusory allegations about unidentified people entering her home without permission and stealing and damaging her property. This is not enough to state a claim against the named defendants.

For these reasons, Plaintiff's amended complaint (Dkt. No. 5) and "additional information" (Dkt. No. 8) must be dismissed. Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, that is unnecessary when the amendment would be futile. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Plaintiff has already tried three times to state a claim and has failed each time. Further amendment would be futile. The case is therefore dismissed. The Clerk is directed to enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting her appeal.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of April, 2026.

William C. Griesbach
United States District Judge

4